McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
JULIE A. RANEY (SBN 176060)
KARA K. UEDA (SBN 210044)
KIMBERLY E. HOOD (SBN 229195)
555 Capitol Mall, 9th Floor
Sacramento, CA  95814
Phone: 916.444.3900
Fax:    916.444.8334

Attorneys for Petitioner/Plaintiff, Daniel D. Claxton

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL D. CLAXTON, | Case No. 2:08-CV-01058-MCE-EFB |
| Petitioner/Plaintiff, | **STIPULATION AND ORDER TO BIFURCATE WRIT PROCEEDING AND AMEND SCHEDULING ORDER** |
| v. | |
| COUNTY OF COLUSA; the BOARD OF SUPERVISORS OF THE COUNTY OF COLUSA; STEPHEN HACKNEY in his official capacity; and DOES 1-100, inclusive, | Petition/Complaint Filed 04/15/08 in Colusa County Superior Court Case No. CV 23572 (Hon. William. Abel) Notice of Removal filed 05/13/08 |
| Respondents/Defendants. | |

### I. STIPULATION TO BIFURCATE AND AMEND SCHEDULING ORDER

Petitioner/Plaintiff Daniel D. Claxton ("Petitioner") and Respondents/Defendants County of Colusa, the Board of Supervisors of the County of Colusa, and Stephen Hackney (collectively "County") stipulate and jointly move this Court to bifurcate the Petition for Writ of Mandate filed in the above-entitled case from the other causes of action and to order that the hearing on the petition be held in advance of the trial on the remaining causes of action.  The parties base their motion upon Federal Rule of Civil Procedure 42(b) which allows the court to bifurcate issues in the interests of judicial economy and efficiency.  *See Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002).



1

Joint Stipulation to Bifurcate

PDF created with pdfFactory trial version www.pdffactory.com

1   The parties further stipulate to and request that the Court amend the Pre-Trial (Status) Scheduling Order as set forth below.

## II.   PROCEDURAL HISTORY

At issue in this case is the Colusa County Board of Supervisors' January 22, 2008 denial of Petitioner's application for a tentative map, requesting the division of certain real property located in Colusa County into thirty-six agricultural parcels of approximately 10 acres each, one 26-acre parcel, and one parcel of a little over 16 acres.  On April 15, 2008, Petitioners filed a Petition for Writ of Mandate pursuant to Government Code section 66499.37 and Code of Civil Procedure section 1094.5 and Complaint for Declaratory Relief, Violation of Equal Protection and Violation of Substantive Due Process, alleging that the County acted unlawfully when it denied Petitioner's tentative map application.  Petitioner seeks, in part, (1) a peremptory writ of mandate ordering the County and the Board of Supervisors to set aside its decision denying Claxton's subdivision application, (2) a judicial declaration that Petitioner's application was consistent with the County of Colusa's General Plan and Zoning Code, and (3) monetary damages.

On May 12, 2008, County filed a Notice of Removal.

On September 8, 2008, the Court issued the Pretrial (Status) Scheduling Order setting this action for jury trial to commence on March 1, 2010.

County anticipates lodging the administrative record with this Court by February 17, 2009.

## III.   ARGUMENT

### A.   Bifurcation of the Writ of Mandamus from the Other Causes of Action Promotes Judicial Efficiency and Economy.

Economy and efficiency will be promoted by bifurcating the Petition for Writ of Mandate from the other causes of action.  There are few similarities between a writ hearing and a trial in an ordinary civil action.  Foremost, the writ hearing is before a judge, not a jury.  Cal. Civ. Proc. § 1094.5(a).  Generally, the evidence is limited to the administrative record, and no oral testimony is presented.  *See* Cal. Civ. Proc. § 1094.5(e); *Transcentury Props. v. State*, 41 Cal.3d 835, 842 (1974).  Thus, no discovery is necessary to proceed to the hearing.  In fact, the hearing closely resembles a law and motion hearing in that the Court receives the parties' briefs well in advance of the hearing,


PDF created with pdfFactory trial version www.pdffactory.com

1  receives no testimonial evidence, and oral argument is usually brief.  *See* Continuing Education of
2  the Bar, <u>California Administrative Mandamus</u>, § 14.1, p. 523 (3d ed., Feb. 2008).  Secondarily, the
3  Court's scope of review under Code of Civil Procedure section 1094.5(b) is limited to:

> [W]hether the respondent has proceeded without, or in excess of, jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion.  Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence.

7  Given the considerable differences between the manner in which the petition for writ will be heard
8  and decided and the trial on the remaining causes of action, judicial economy would be well-served
9  by bifurcation of the issues.

10       Further, bifurcation will allow the parties to proceed on the Petition for Writ of Mandate in
11  advance of conducting discovery in this action.  In ruling on the merits of the Petition for Writ of
12  Mandate, this Court will likely dispose of some, if not all, of the issues relevant to the remaining
13  causes of action.  To the extent that issues do remain for dispositive motion or trial, the scope of
14  discovery will be narrowed and the possibility for settlement increased.  Therefore, bifurcating the
15  Petition for Writ of Mandate from the other claims will likely save the parties the expense of
16  conducting potentially unnecessary discovery and preparing for a trial on all the causes of action
17  before this Court makes a determination on the lawfulness of the County's denial of Petitioner's
18  tentative map application.  Significantly, bifurcation could eliminate the need for a jury trial
19  altogether.  Accordingly, bifurcation promotes judicial economy for the parties and the Court.

**B.     Good Cause Exists for Amendment to the Scheduling Order.**

21       The parties respectfully request that, if the Court grants the bifurcation motion, the Court
22  amend its Pretrial Scheduling Order for the hearing on the Petition for Writ of Mandate as follows:

<u>Petition for Writ of Mandate Proceedings:</u>

- Petitioner's Opening Brief must be filed and served by June 1, 2009.
- The County's Opposition Brief must be filed and served by July 1, 2009.
- Petitioner's Reply Brief must be filed and served by July 15, 2009.
- Hearing date by September 18, 2009.

28  ///



3
Joint Stipulation to Bifurcate

PDF created with pdfFactory trial version www.pdffactory.com

1  The parties further request that all discovery and other deadlines, including the deadline for initial
2  disclosures, be continued to a date at least seven (7) months after the Court's decision on the Petition
3  for Writ of Mandate.  If, following the Court's ruling on the Petition for Writ of Mandate, the
4  remainder of the action remains at issue, the parties anticipate that the remainder of the proceedings
5  could be set for trial on a condensed schedule given the limited additional discovery that may be
6  required beyond the administrative record.

## IV.  CONCLUSION

The district court has broad discretion to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues. *Hangarter v. Provident Live & Acc. Ins. Co.,* 373 F.3d 998, 1021 (9th Cir. 2004).  "One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Ellingson Timber Co. v. Great Northern Ry. Co.,* 424 F.2d 497, 499 (9th Cir. 1970).  The parties respectfully submit that the instant action satisfies the requirements of Rule 42(b) and asks that the Court bifurcate the Petition for Writ of Mandate from the remainder of the proceedings and stay the remainder of the proceedings pending the Court's ruling on the Petition for Writ of Mandate.

IT IS SO STIPULATED AND MOVED.

DATED:  February 4, 2009           McDONOUGH HOLLAND & ALLEN PC
                                   Attorneys at Law


                                   By:  _____/s/   Kara K. Ueda_____
                                              KARA K. UEDA

                                   Attorneys for Petitioner/Plaintiff, Daniel D. Claxton

DATED:  February 4, 2009           WILLIAMS & ASSOCIATES
                                   Attorneys at Law


                                   By:  _____/s/   Martha Stringer_____
                                              MARTHA STRINGER

                                   Attorneys for Respondents/Defendants, County of
                                   Colusa, Board of Supervisors of the County of
                                   Colusa, and Stephen Hackney



PDF created with pdfFactory trial version www.pdffactory.com

# **ORDER**

Having read the foregoing and good cause appearing therefor,

IT IS ORDERED that the proceedings on Petitioner's Petition for Writ of Mandate are hereby bifurcated from the remaining claims for relief and shall be heard by separate trial. The deadlines presently set in the Court's Pretrial (Status) Scheduling Order of September 8, 2008, are vacated; the Court to issue an amended Pretrial (Status) Scheduling Order.

DATED: February 10, 2009

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com

CASE TITLE: ***Claxton v. County of Colusa, et al.***
COURT/CASE NO: Colusa County Superior Court No. CV 23572

## PROOF OF SERVICE

I am employed in the County of Sacramento; my business address is 555 Capitol Mall, 9th Floor, Sacramento, California 95814. I am over the age of eighteen years and not a party to the foregoing action. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On February 10, 2009, I served the within:

**STIPULATION AND [PROPOSED] ORDER TO BIFURCATE WRIT PROCEEDING AND AMEND SCHEDULING ORDER**

☐ **by mail** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At McDonough Holland & Allen PC, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of Sacramento, California.

☐ **by personally delivering** a true copy thereof, in accordance with Code of Civil Procedure § 1011, to the person(s) and at the address(es) set forth below.

☐ **by overnight delivery** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, and delivering that envelope to an overnight express service carrier as defined in Code of Civil Procedure § 1013(c)..

☒ **by facsimile transmission**, in accordance with Code of Civil Procedure § 1013(e), to the following party(ies) at the facsimile number(s) indicated:

Martha Stringer
Williams and Associates
1250 Sutterville Road #290
Sacramento, CA 95822
Ph:    (916) 456-1122
Fx:    (916) 737-1126
E:     mstringer@WilliamsLegal.net

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on February 10, 2009.

                                                           /s/    Jan Hougland
                                                        JAN HOUGLAND



PDF created with pdfFactory trial version www.pdffactory.com