UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DANIEL D. CLAXTON,<br><br>    Petitioner-<br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF COLUSA; et al.,<br><br>    Respondents-<br>    Defendants. | No. 2:08-cv-01058-MCE-EFB<br><br><br><br><br>**ORDER** |

Through these proceedings, Petitioner/Plaintiff Daniel D. Claxton challenges Colusa County's refusal to permit his proposed subdivision of farmland into smaller parcels. Plaintiff's lawsuit, initially filed in Colusa County on April 5, 2008, contained both a state claim seeking administrative mandamus under California Code of Civil Procedure § 1094.5, as well as federal claims alleging that Plaintiff's equal protection and due process rights were violated in contravention of 42 U.S.C. § 1983. On May 13, 2008, Defendants removed the case on the basis of those federal claims.

1

On February 4, 2009, the parties presented a stipulation proposing that this matter be bifurcated, so that the Petition for Writ of Mandate could be decided by this Court in advance of Plaintiff's other claims.  That stipulation was adopted as the Court's Order on February 11, 2009.

In the Stipulation to Bifurcate, the parties agreed that "economy and efficiency will be promoted by bifurcating the Petition for Writ of Mandate from the other causes of action", noting specifically that there were "few similarities" between the writ hearing and disposition of the remainder of the case. See Docket No. 15, 2:22-24.  As the parties explained, the mandate proceeding is heard before the judge based primarily on the administrative record, as opposed to the constitutional claims which necessitate full discovery and typically entail adjudication through full jury trial.  The parties went on to expressly agree that proceeding first on the Writ of Mandate, "in advance of conducting discovery", would "likely dispose of some, if not all, of the issues relevant to the remaining causes of action." Id. at 3:10-13.

By Memorandum and Order filed January 15, 2010, the Court granted Plaintiff's Petition for Writ of Mandate.  Through the Present Motion, Defendants seek certification of the Court's January 15, 2010 Order as immediately appealable under Federal Rule of Civil Procedure 54(b).  Defendants also seek a stay of ongoing procedures in this matter during the stay of the certification process, and finally seek clarification of one of the Court's docket entries made on January 15, 2010.

///

1    Despite Plaintiff's own admission in the Stipulation to
2 Bifurcate that the mandamus petition has "few similarities" with
3 the remainder of the action, he now argues in opposition to
4 Defendants' request that the issues are not substantially
5 different.  Docket No. 36, 3:4.  The Court disagrees, and finds
6 its interlocutory order subject to immediate appellate review
7 under Rule 54(b).  Defendants' Motion is accordingly well taken.

    Rule 54(b) provides in pertinent part as follows:

> "When an action presents more than one claim for
> relief.... or when multiple parties are involved, the
> court may direct entry of a final judgment as to one or
> more, but few than all, claims or parties only if the
> court expressly determines that there is no just reason
> for delay....

Requiring parties to seeks certification under Rule 54(b)
"eliminates improper appeals of nonfinal judgments while
permitting prompt appeals when necessary."  American States Ins.
Co. v. Dastar Corp., 318 F.3d 881, 889 (9th Cir. 2003).

    While Plaintiff appears to claim that any factual similarity
between the factual bases underlying the writ of mandate and
federal claims should preclude Rule 54(b) certification, the
Ninth Circuit recognized in Gregorian v. Izvestia, 871 F.2d 1515,
(9th Cir. 1989), that certification is proper, even in the face
of such interrelationship, as long as the claim for which
certification is sought is "substantially different" from the
remaining claims.  Id. at 1520.[1]

---

[1] Although Plaintiff cites Wood v. GCC Bend, LLC, 422 F.3d 873 (9th Cir. 2005) for the proposition that factual overlap militates against certification, that case is factually distinguishable as involving a straightforward employment case where claims could not, as here, be readily severed.
(continued...)

3

Here, Plaintiff's claim for administrative mandamus under state law is unquestionably "substantially different" from Plaintiff's federally rooted constitutional claims.  A writ of mandate challenges the application by a local agency of existing law or policy to a given set of fact, whereas claims for due process and equal protection brought pursuant to 42 U.S.C. § 1983 involve complex issues of invidious discrimination as well as the infringement of fundamental property interests.  In addition to being intrinsically different on a substantive basis, they are also procedurally inapposite, as indicated above, since a mandamus proceeding operates much like an appeal, being based on the administrative record, as opposed to § 1983 claims which are typically resolved through a jury trial after the development of a new factual record through discovery.  Finally, because the parties have previously agreed that a final resolution of the writ proceedings would likely dispose of the remaining causes of action, it is unlikely that the same set of issues will have to be addressed on appeal again.  See Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

///
///
///

---

[1](...continued)
See id. at 879-880 (noting that Wood's wrongful constructive discharge was not "truly separable" from his other claims). Moreover, even the Wood panel is careful to state that "we do not mean to suggest that claims with overlapping facts are foreclosed from being separate for purposes of Rule 54(b). Id. at 881. Finally, nothing in Wood disapproves of the reasoning earlier employed in Gregorian, despite the fact that Gregorian is cited within the body of the Wood opinion.

4

1  Given the foregoing, Defendants' Motion for Certification, Request for Clarification, and Motion for Stay is accordingly GRANTED.[2]  The Court makes the following findings:

2.  1. The Court certifies its January 15, 2010 grant of Plaintiff's Petition for Writ of a Mandate (Docket No. 29) as a final judgment for purposes of Rule 54(b);

2. Given the parties' agreement that final resolution of the Writ will streamline the case, and likely avoid the need for extensive discovery and trial as to the remaining claims, there is no just reason for delay as to such determination; and

3. The present matter is hereby stayed during the pendency of the certification process.[3]

IT IS SO ORDERED.

Dated: March 26, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 230(g).

[3] Finally, with respect to Defendants' clarification request, Defendants are correct that the Judgment which had been rendered by the Clerk of Court on January 15, 2010, following the Court's Memorandum and Order filed that same day, was filed in error. That error was corrected by the Clerk's Notice of Docket Correction filed February 1, 2010. Consequently, prior to this Order, while Plaintiff's Petition for Writ of Mandate had been granted, in accordance with the final judgment rule the Court's order had not been reduced to judgment.